IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY ANTHONY SMOCKS, #05582-041, Petitioner, | § § § § | |
| v. | § § | No. 3:22-cv-02662-S (BT) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Troy Anthony Smocks, a federal defendant convicted in the United States District Court for the District of Columbia and now serving a term of supervised release, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 2.) For the following reasons, the Court should dismiss the petition and deny Smocks's motions to stay (ECF Nos. 1, 13) as moot.

## Background

Smocks pleaded guilty in the United States District Court for the District of Columbia to one count of making threats in interstate communications in violation of 18 U.S.C. § 875(c). *See United States v. Smocks*, Case No. 1:21-cr-198-TSC-1 (D.D.C.) (ECF Nos. 8, 54, 58). Specifically, at his plea hearing, Smocks admitted to sending electronic messages on January 6, 2021, containing threats against law enforcement, politicians, and technology company executives. *Id.* (ECF Nos. 53, 58). The

1

District Court sentenced him to 14 months' imprisonment and 36 months of supervised release. *Id.* (ECF No. 67). After sentencing, Smocks filed a motion under Federal Rule of Criminal Procedure 35, but the District Court denied it. *Id.* (ECF No. 69). Thereafter, Smocks did not appeal his conviction or sentence. And he has not filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 in his sentencing court.

Smocks was incarcerated in the District of Columbia Department of Corrections, and he completed his term of federal imprisonment on January 12, 2022. He now resides in Carrollton, Texas, which falls within the Northern District of Texas, and he is serving his term of supervised release under the supervision of the U.S. Probation Office in Plano, Texas.[1] On November 30, 2022, Smocks filed his federal habeas petition and a motion to stay his supervised release.

By his petition, Smocks attacks the validity of his federal sentence on grounds that he is actually innocent and was convicted of a non-existent offense, as determined by the United States Supreme Court. (ECF No. 2.) The Government responds that Smocks's petition must be dismissed because he cannot show that the "savings clause" of 28 U.S.C. § 2255(e). (ECF No. 7). Specifically, the Government argues Smocks fails to

---

[1] Smocks avers the government made an "erroneous situs determination" regarding his residence in Carrollton, and he was directed to report to the U.S. Probation Office in the Eastern District of Texas, despite the fact he resides in the Northern District of Texas. Pet. 5 (ECF No. 2).

demonstrate that his claims rely on retroactively-applicable Supreme Court cases that establish that he may have been convicted of a nonexistent offense. *Id.*

## Legal Standards

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate, set-aside, or correct a sentence under 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

*Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting 28 U.S.C. § 2255(e) (emphasis added)).

The movant bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States,* 243 F.3d 893,

3

901 (5th Cir. 2001) (quoting *Pack,* 218 F.3d at 452). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Id.* at 901; *see also Pack,* 218 F.3d at 453 ("merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy").

The bar against filing a successive § 2255 motion does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000). The fact that a movant who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations under 28 U.S.C. § 2255(f) does not render § 2255 "inadequate or ineffective." *Loredo v. Joslin,* 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004). Rather, the savings clause of § 2255(e) applies to a claim that (i) is based on a retroactively-applicable Supreme Court decision which establishes that the movant may have been convicted of a nonexistent offense, and (ii) was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. *Reyes-Requena,* 243 F.3d at 904; *see also Santillana v. Upton,* 846 F.3d 779, 782 (5th Cir. 2017); *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010).

When a petitioner fails to satisfy the savings clause, the court should dismiss the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson,* 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles,* 342 F.3d 378, 379, 385 (5th Cir. 2003)).

4

## Analysis

A. <u>Smocks has not shown he satisfies the savings clause</u>.

Smocks has failed to demonstrate he can satisfy the requirements of the savings clause. *See Pack*, 218 F.3d at 452. Specifically, he has not shown he first moved for § 2255 relief in his sentencing court, the District Court for the District of Columbia. *See Reyes-Requena*, 243 F.3d at 901 (recognizing a § 2241 petition is not a substitute for a § 2255 motion). Smocks has also failed to show the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *See id.*; *see also Pack*, 218 F.3d at 452. Smocks was sentenced in the District of Columbia on October 21, 2021. *United States v. Smocks*, Case No. 1:21-cr-198-TSC-1 (D.D.C.) (ECF No. 67). And the fact that he never filed a § 2255 motion and would now be time-barred from doing so does not render relief under § 2255 "inadequate or ineffective." *Loredo*, 2004 WL 2208124, at *1.

Smocks argues the statements underlying his § 875(c) conviction constituted protected political speech under the First Amendment. Pet. 8, 29 (ECF No. 2). However, this argument fails to satisfy the savings clause because he does not cite a retroactively-applicable Supreme Court decision demonstrating he may have been convicted of a nonexistent offense. It is not entirely clear, but Smocks seems to rely on *Snyder v. Phelps*, 562 U.S. 443 (2011). In support of his argument, he contends that his "term of imprisonment, and [ ] subsequent term of Supervised Release [were]

5

predicated upon **First Amendment protected political speech**, which the Supreme Court of the United States has determined to be, beyond the reach of criminal statutes such as the relevant statute of conviction." Pet. 8 (ECF No. 2). Although *Snyder* is a Supreme Court decision, Smocks has not shown the decision has been made retroactively applicable or that it established he may have been convicted of a non-existent offense. In addition, the Supreme Court issued *Snyder* on March 2, 2011, more than nine years *before* Smocks's criminal case was filed in the District of Columbia on January 14, 2021. *See United States v. Smocks*, Case No. 1:21-cr-198-TSC-1 (D.D.C.) (ECF No. 1). And Smocks does not even argue he was foreclosed from raising *Snyder* before the trial court, on direct appeal, or in a first § 2255 motion. *See* Pet. (ECF No. 2). In sum, Smocks has not shown he satisfies the savings clause.

Smocks cites to cases that he claims demonstrate he satisfies the requirements of the savings clause. Am. Traverse 6-7 (ECF No. 12). For example, he refers to *United States v. Hayman*, 342 U.S. 205 (1952), and he claims *Hayman* stands for the proposition that "**the habeas corpus remedy shall remain open** to afford a necessary hearing" where § 2255 is "inadequate or ineffective." *Id.* at 6. However, as discussed, Smocks has not met his burden of showing § 2255 is inadequate or ineffective to test the legality of his conviction. *See Reyes-Requena*, 243 F.3d at 901. And for this reason, he has failed to satisfy the savings clause, and his argument fails.

6

Smocks argues that he has "clearly met the standards" of the savings clause because he has made an "unrefuted claim of actual innocence." Am. Traverse 10 (ECF No. 12); *see also* Pet. 3 (ECF No. 2) (arguing he is "actually innocent and was convicted of a non-existent offense as determined by the United States Supreme Court"). But he is mistaken. Smocks cannot demonstrate he may have been convicted of a nonexistent offense because pursuant to his plea agreement, the Government dismissed count two of the indictment. *See United States v. Smocks*, Case No. 1:21-cr-198-TSC-1 (D.D.C.) (Plea Agreement (ECF No. 54); J. (ECF No. 67 at 1)). And to demonstrate actual innocence, Smocks would now have to show he is actually innocent of count two, a second violation of § 875(c), to be entitled to relief. *See Bousley v. United States*, 523 U.S. 614, 624 (1998) ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."); *see also United States v. Arreolo-Ramos*, 204 F.3d 1115, 1999 WL 1328071, at *1 (5th Cir. 1999) ("*Bousley* points out that a petitioner claiming factual innocence must be prepared to establish, in addition to his innocence of the firearms charge, that he did not commit any more serious crimes whose prosecution was forgone by the government in exchange for the plea agreement.") (citing *Bousley*, 523 U.S. at 624). Smocks has made no such showing.

For these reasons, Smocks has failed to demonstrate his petition falls within the savings clause, and it should therefore be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 379, 385; *see also Lang*, 2018 WL 684890, at *3

B. <u>Smocks is barred from challenging his term of supervised release</u>.

Smocks is presently serving a term of supervised release, and to the extent he is now attempting to challenge that term of supervised release in his petition, he is not entitled to relief under § 2241. The Fifth Circuit Court of Appeals has held, "because [the petitioner] does not attack his conviction[,] and his claims challenge only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed [the petitioner's] § 2241 petition." *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *see also Williams v. Nash*, 796 F. App'x 233, 234 (5th Cir. 2020) (per curiam) ("A petitioner can attack the validity of his sentence in a § 2241 petition only if he can meet the requirements of the savings clause of 28 U.S.C. § 2255.") (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)). In sum, Smocks is barred from challenging his term of supervised release in his § 2241 petition, and his petition should be dismissed. *See Padilla*, 416 F.3d at 427.

C. <u>Smocks waived his right to relief under § 2241</u>.

Smocks's plea agreement contained a collateral review waiver, and thus he is barred from pursuing post-conviction relief under § 2241.

8

Generally, a collateral review waiver provision is enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, the Fifth Circuit Court of Appeals has recognized exceptions to this general enforcement rule where a § 2255 movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Smocks signed a written plea agreement waiving his right to contest his conviction or sentence in a post-conviction proceeding, including in a § 2255 action. *See United States v. Smocks*, Case No. 1:21-cr-198-TSC-1 (D.D.C.) (ECF No. 54 at 7). And he does not show this waiver was unknowing or involuntary. Smocks's collateral review waiver should be enforced by this Court, and he should be precluded from obtaining relief on his § 2241 petition. *See Wilkes*, 20 F.3d at 653.

D. <u>Smocks's ineffective assistance of counsel claim fails</u>.

Last, Smocks argues his trial attorney "was prevented from attacking the legal issues." Pet. 30 (ECF No. 2) (citing *United States v. Lyle*, 742 F.3d 434 (9th Cir. 2014); *United States v. Huet*, 665 F.3d 588 (3d Cir. 2012); *United States v. Welch*, 327 F.3d 1081 (10th Cir. 2003)). Smocks claims he

9

does not intend for this argument to be construed as a claim of ineffective assistance of counsel. *See* Am. Traverse 17 (ECF No. 12). However, to the extent his argument could be construed as a claim of ineffective assistance of counsel, as Respondent contends, it does not satisfy the requirements of the savings clause.

This claim fails under the savings clause because Smocks has not shown it is based on a retroactively-applicable Supreme Court decision demonstrating his innocence. *See Santillana*, 846 F.3d at 782; *Reyes-Reguena*, 243 F.3d at 904; *see also Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003) (per curiam) ("Ball's claim of ineffective assistance of counsel fails to satisfy the requirements of the savings clause. The claim is not based on a retroactively applicable Supreme Court decision which establishes Ball's innocence."). Moreover, Smocks's claim fails to satisfy the savings clause because it could have been raised on direct appeal or in a first § 2255 motion, and he has not shown circuit precedent precluded him from raising it. *See Garland*, 615 F.3d at 394; *Reyes-Requena*, 243 F.3d at 904; *see also Ball*, 83 F. App'x at 622 (finding the petitioner's claim did not satisfy the requirements of the savings clause because it could have been raised on direct appeal or in his first § 2255 motion but was not).

## Conclusion

The Court should dismiss Smocks's § 2241 petition and deny his motions (ECF Nos. 1, 13) as moot.

10

Signed May 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).